# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00301-CR

### Ex parte Jose C. Loredo

#### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
#### NO. 095790, HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Jose C. Loredo has filed a notice of appeal, seeking review of the trial court's denial of his application for writ of habeas corpus. However, the clerk's record does not include (1) an appealable order or (2) the trial court's certification of Loredo's right to appeal.[1]

Loredo filed his application for writ of habeas corpus on March 6, 2015, and the trial court's docket sheet and Loredo's notice of appeal both state that a hearing was held on the application on April 21, the same date the State filed its response to the application. Loredo's notice of appeal states that the application was denied by operation of law, citing to article 11.07, section 3(c) of the code of criminal procedure. *See* Tex. Code Crim. Proc. art. 11.07, § 3(c). However, article 11.07 applies only to an application for writ of habeas corpus seeking relief from a felony conviction, and Loredo's underlying convictions were for Class A misdemeanors.

---

[1] The record does contain one certification, but that is related to the original judgments of conviction, not to this habeas proceeding.

Therefore, Loredo's application was not overruled by operation of law, *see id.*, and the clerk's record does not reflect that the trial court has signed an appealable order.

Because of this uncertainty, upon remand and if the trial court has made a determination of the merits of Loredo's application, the court should enter (1) an appropriate final order and (2) a certification of Loredo's right to appeal. *See* Tex. R. App. P. 25.2(a). If the court has not yet made a determination of the merits, the court should inform us in its certification of Loredo's right to appeal that the matter is still pending. The appealable order, if any, and the certification of Loredo's right to appeal should be sent to us in a supplemental clerk's record no later than July 13, 2015.

It is ordered June 19, 2015.

Before Justices Puryear, Pemberton, and Bourland

Abated and Remanded

Filed: June 19, 2015

Do Not Publish